## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THERESE SONSALLA,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; MERSCORP HOLDINGS, INC.; BANK OF AMERICA, N.A.; BANK OF NEW YORK *as Trustee for the Benefit of the Certificateholders CWALT, Inc., Alternative Loan Trust 2007-OA10, Mortgage Pass-through Certificates, Series 2007-OA10*; all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,<br><br>Defendants. | Civil No. 13-659 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for plaintiff.

Eric J. Rucker and Mark G. Schroeder, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendants Mortgage Electronic Registration Systems, Inc.; MERSCORP Holdings, Inc.; Bank of America, N.A.; and Bank of New York.

This case is one of more than seventy cases in this district where the plaintiff is represented by William B. Butler – in each, the plaintiffs challenge the validity, assignment, or foreclosure of their mortgage in an attempt to prevent or frustrate foreclosure. Plaintiff Therese Sonsalla brought this action in state court against

Defendants Mortgage Electronic Registration System, Inc. ("MERS"); MERSCORP Holdings, Inc.; Bank of America, N.A.; and Bank of New York ("BNYM") seeking to void the residential foreclosure sale of her home.[1]  Sonsalla's Complaint contains three counts: (1) quiet title; (2) declaratory relief; and (3) slander of title.  Defendants now move to dismiss the Complaint.  The Court will grant Defendants' motion because Sonsalla's claims are barred by the doctrine of res judicata.

## BACKGROUND

Sonsalla executed a promissory note secured by a mortgage in 2007.  (Compl. ¶ 7, Mar. 22, 2013, Docket No. 1.)  Sonsalla executed the mortgage in favor of MERS, and MERS subsequently assigned the mortgage to BNYM.  (*Id.* ¶ 16.)  Sonsalla claims that this and all subsequent assignments were invalid because MERS did not have a sufficient interest in the mortgage.  (*See id.*)  Sonsalla also alleges that the individuals who executed the assignments of the mortgage lacked the authority to do so.  (*See id.* ¶¶ 22, 24, 31.)  Because of these defects, Sonsalla contends that the foreclosure sale on her home was void.  (*Id.* ¶ 35.)

Sonsalla previously challenged the foreclosure of her mortgage in this Court.  *See Nelson v. Bank of N.Y. Mellon*, Civ. No. 12-1096, 2012 WL 4511165 (D. Minn. Oct. 1,

---

[1] Sonsalla also purports to bring claims against "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein."  There are no factual allegations sufficient to identify these unnamed defendants or state a claim against them, and all claims against them will be dismissed.  *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made).

2012) (dismissing the amended complaint with prejudice).  Sonsalla and the other plaintiffs brought that action against the Bank of New York Mellon (formerly known as The Bank of New York), MERS, MERSCORP Holdings, Inc.; Bank of America, N.A.; and Peterson, Fram & Bergman, P.A.  *See id.*  As in the present case, in *Nelson*, Sonsalla alleged that the foreclosure on her home was invalid due to defects in the Defendants' title, and she brought quiet title and slander of title claims and sought declaratory judgment.  *Id.* at *1.

## ANALYSIS

Res judicata operates to bar subsequent litigation when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 966 (8th Cir. 2010) (citing *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)).  Res judicata bars the relitigation of issues which "were actually litigated or which **could** have been litigated" in the first action so long as the party against whom the earlier decision is being asserted had a "full and fair opportunity" to litigate the issue.  *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983) (emphasis in original); *Dorso Trailer Sales, Inc. v. Am. Body & Trailer, Inc.*, 482 N.W.2d 771, 774 (Minn. 1992).

First, both suits involved the same parties.  Second, the dismissal with prejudice for failure to state a claim in *Nelson* was a dismissal on the merits.  *See Hintz v.*

*JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510 (8th Cir. 2012).  Sonsalla argues that the facts are not the same in the two cases because "[t]he issue of BNYM's failure to strictly comply with Minn. Stat. §580.05 was not litigated or pled" in *Nelson*.  (Pl.'s Mem. in Opp. at 17, May 14, 2013, Docket No. 14.)  Sonsalla further argues that although she raised the issue of the unrecorded mortgage in *Nelson*, the Court failed to consider it, depriving her of a full and fair opportunity to litigate the issue.

To the extent that Sonsalla did not assert her strict compliance theory in the first action, her claim is still barred.  Sonsalla was "required to assert all alternative theories of recovery in the initial action."  *See Dorso*, 482 N.W. 2d at 774.  Even if Sonsalla's counsel did not identify the theory until after *Nelson* had concluded, she had a full and fair opportunity to raise it but failed to do so.  *See id.*

Dismissal of the *Nelson* complaint because of its failure to satisfy the pleading standards of Rules 8 and 12 did not deprive Sonsalla of a full and fair opportunity to litigate.  *See Richter v. Fed. Nat'l Mortg. Ass'n*, No. 13-475, 2013 WL 3223377, at *6 (D. Minn. June 25, 2013).  "The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."  *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted).  None of these reasons, nor any other, prevented Sonsalla from fully litigating her first case.  Res judicata, therefore, bars Sonsalla from bringing this action.

Finally, the Court concludes that applying res judicata would be just and equitable in this case. First, even if the Court were to address the merits of Sonsalla's claims, those claims are similar (or identical) to claims that have not met with success in this district. *See, e.g.*, *Richter v. Fed. Nat'l Morg. Ass'n*, Civ. No. 13-475, 2013 WL 3223377 (June 25, 2013); *Quale v. Aurora Loan Servs., LLC*, Civ. No. 13-621, 2013 WL 3166584 (D. Minn. June 20, 2013); *Schumacher v. Fed. Home Loan Mortg. Corp.*, Civ. No. 13-29, 2013 WL 3033746, at *3 (D. Minn. June 17, 2013). Second, applying the doctrine will prevent the Defendants from having to litigate claims that Sonsalla could have brought in a previous action. *Laase v. Cnty. of Isanti*, 638 F.3d 853, 859 (8th Cir. 2011) ("The doctrine promotes important interests in finality and the avoidance of piecemeal litigation . . . ."); *Hauschildt*, 686 N.W.2d at 840 ("Res judicata is a finality doctrine that mandates that there be an end to litigation.").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 7] is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 9, 2013
at Minneapolis, Minnesota.

                                                       s/ John R. Tunheim
                                                    JOHN R. TUNHEIM
                                               United States District Judge